UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION, )
LABORERS WELFARE FUND, et al., )
            )
    Plaintiffs, )
            )
  vs. )    No. 4:08-CV-490 (CEJ)
            )
LARRY ORTMANN CONTRACTING, )
INC., a Missouri corporation, )
            )
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant Larry Ortmann Contracting, Inc.

Plaintiffs are four employee benefit plans (the Pension, Welfare, Vacation, and Training funds), their trustees (collectively, the plans), and Local Unions Nos. 42-53-110, Laborers International Union of North America, AFL-CIO (the Unions). Defendant Larry Ortmann Contracting, Inc., is an employer in an industry affecting commerce within the meaning of ERISA and the LMRA. Plaintiffs contend that defendants failed to make timely contributions to the plans as required under the terms of a collective bargaining agreement.

Prior to the initiation of this action, the parties entered into a stipulation for entry of consent judgment, pursuant to which defendant agreed that it was liable to plaintiffs in the amount of $47,769.72, representing $39,874.30 in delinquent contributions and $7,895.42 in liquidated damages, to be paid in monthly installments. Plaintiffs agreed to suspend execution of the judgment so long as

defendant complied with the payment schedule, submitted timely reports and contributions, and secured a $25,000 surety bond or letter of credit in favor of plaintiffs.

The summons and a copy of the complaint were served on defendant on April 21, 2008. Defendant did not file an answer or other responsive pleading and, on May 30, 2008, the Clerk of Court entered default against defendant. Plaintiffs do not ask the Court to enter the consent judgment entered into by the parties; rather, they seek default judgment in the amount of $47,769.72.

Plaintiffs have submitted evidence to establish that, at some point before the filing of this lawsuit, defendant agreed to pay $39,874.30 in delinquent contributions and $7,895.42 in liquidated damages. However, plaintiffs' claim does not arise from the parties' stipulation, but instead from defendant's breach of obligations under the collective bargaining agreement. Plaintiffs have not submitted a copy of the collective bargaining agreement or an accounting of payments made pursuant to the parties' stipulation. They have thus have failed to establish that they are entitled to the relief they request in their motion for default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #5] is **denied without prejudice.**

```
                                    _____
                                    CAROL E. JACKSON
                                    UNITED STATES DISTRICT JUDGE
```

Dated this 29th day of August, 2008.