UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION,   )
LABORERS WELFARE FUND, et al.,    )
                                  )
            Plaintiffs,           )
                                  )
        vs.                       )        No. 4:08-CV-490 (CEJ)
                                  )
LARRY ORTMANN CONTRACTING,        )
INC., a Missouri corporation,     )
                                  )
            Defendant.            )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant Larry Ortmann Contracting, Inc., pursuant to Rule 55(b)(2), Fed.R.Civ.P.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are four employee benefit plans (the Pension, Welfare, Vacation, and Training funds), their trustees (collectively, the plans), and Local Unions Nos. 42-53-110, Laborers International Union of North America, AFL-CIO (the Unions). Defendant Larry Ortmann Contracting, Inc., is an employer in an industry affecting commerce within the meaning of ERISA and the LMRA. Plaintiffs contend that defendants failed to make timely contributions to the plans as required under the terms of two collective bargaining agreements. They seek $54,776.96 in delinquent contributions and $10,734.43 in liquidated damages. Plaintiffs additionally seek $1,260.50 in

attorney's fees and $408.24 in court costs. They also seek an order compelling defendant to demonstrate that it maintains a $25,000 surety bond as required by the terms of the agreements.[1]

The summons and a copy of the complaint were served on defendant on April 21, 2008. Defendant did not file an answer or other responsive pleading and, on May 30, 2008, the Clerk of Court entered default against defendant.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On May 9, 2002, Richard W. Ortmann, vice president of defendant, signed an agreement to be bound by the terms of a collective bargaining agreement between Laborers Local No. 110 and the Modular Block Wall Contractors (the Modular Agreement). [Doc. #11-10]. The Modular Agreement remained in effect through April

_____

[1]Prior to the initiation of this action, the parties entered into a stipulation for entry of consent judgment, pursuant to which defendant agreed that it was liable to plaintiffs in the amount of $47,769.72, representing $39,874.30 in delinquent contributions and $7,895.42 in liquidated damages, to be paid in monthly installments. Plaintiffs agreed to suspend execution of the judgment so long as defendant complied with the payment schedule, submitted timely reports and contributions, and secured a $25,000 surety bond or letter of credit in favor of plaintiffs. Plaintiffs assert that defendant has made no payments pursuant to the stipulation and that defendant has not paid contributions that came due after the stipulation was signed.

30, 2007; thereafter, it automatically renewed from year to year unless either party gave advance notice of termination (Art. XII). [Doc. #11-8 at 6]. On March 24, 2004, Mr. Ortmann entered into the collective bargaining agreement negotiated between the Laborers Locals Nos. 42, 53, and 110 and the SITE Improvement Association (the SITE Agreement). [Doc. #11-9]. The SITE agreement remains in effect through February 28, 2009 (§ 13.01). [Doc. #11-6 at 1].

The collective bargaining agreements required defendant to make contributions to the funds for each hour worked by employees covered by the agreements. <u>See, e.g.</u>, SITE Agreement §§ 5.09 – 5.10. [Doc. #11-4 at 3; rates set forth in addendum found at Doc. #11-6 at 5-7]. Failure to make timely contributions subjects defendant to liquidated damages. <u>See</u> SITE Agreement § 5.10 (setting liquidated damages at 20% of delinquent contributions) [Doc. #11-4 at 4]; Modular Agreement § 7.08 (setting liquidated damages at 10% of unpaid contributions) [Doc. #11-7 at 11].

Plaintiffs submit the affidavit of Bernard Difani, an administrative manager of the Welfare, Pension, and Vacation funds. According to Mr. Difani, defendant is liable for contributions and liquidated damages beginning in March 2007. He has supplied a spreadsheet setting forth, for each month between March 2007 and June 2008, the contributions due under each agreement to the separate funds; the spreadsheet also sets forth the liquidated damages due on the unpaid contributions. Included in Mr. Difani's calculations are contributions allegedly owed to the Site

Advancement Fund, which is not a party to this case. Amounts for this fund will not be included in the judgment.

Plaintiffs' evidence establishes that, for the period of March 2007 through June 2008, defendant Larry Ortmann Contracting, Inc., is liable to the funds for $53,963.15 in unpaid contributions and $10,573.56 in liquidated damages, for a total of $64,536.71.

Plaintiffs also submit the affidavit of attorney Brian Love. Mr. Love attests that his firm's standard hourly billing rate for the services of partners is $165.00, the firm's hourly rate for the services of an associate attorney is $155.00, and the firm's hourly rate for services performed by a legal assistant is $75.00. Attached to Mr. Love's affidavit is a billing record for work performed in connection with this case. The Court has reviewed the record and determined that the charges are reasonable. Plaintiffs have established that they have incurred attorney's fees in the amount of $1,260.50 and costs in the amount of $408.24, for a total of $1,668.74.

Plaintiffs also seek an order directing defendant to demonstrate that it has obtained either a surety bond or a non-revocable letter of credit in the amount of $25,000.00 in favor of the funds. A surety bond is required by the terms of the SITE Agreement. See SITE Agreement, § 5.12 [Doc. #11-4 at 4].

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment against defendant Larry Ortmann Contracting, Inc. [Doc. #10] is **granted**.

**IT IS FURTHER ORDERED** that defendant shall, not later than **November 14, 2008**, provide to plaintiffs' counsel evidence that it has obtained either a surety bond or a non-revocable letter of credit in the amount of $25,000.00 in favor of the funds.

A separate judgment in accordance with this Memorandum and Order will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2008.